UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA PETRINA FINKBONNER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C12-960-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Linda Petrina Finkbonner appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for additional administrative proceedings.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff is a 49-year-old woman with a high school diploma and some vocational training. Administrative Record ("AR") at 37-38. Her past work experience includes employment as an accounting clerk, bank teller, cashier, and telemarketer. AR at 155. Plaintiff last worked in 2006. AR at 145-48.

REPORT AND RECOMMENDATION - 1

On November 14, 2007, Plaintiff filed a claim for SSI payments. AR at 132-38. Plaintiff asserts that she is disabled due to scoliosis, hepatitis C, diabetes, high blood pressure, asthma, depression, and vision problems. AR at 154, 189.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 93-96, 99-100. Plaintiff requested a hearing, which took place on May 18, 2010. AR at 31-86. On June 11, 2010, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 15-30. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On June 5, 2012, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. Nos. 1, 3.

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Ms. Finkbonner bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.     DECISION BELOW

On June 11, 2010, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 14, 2007, the application date.

2. The claimant has the following severe impairments: asthma, lumbar degenerative disc disease and spondylosis, diabetes mellitus with neuropathy of the feet, dysthymic disorder, and polysubstance abuse.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b). She can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk with normal breaks for a total of about two hours in an eight hour workday. She has no restrictions on sitting with normal breaks. Pushing and pulling is unlimited other than that shown for lifting and carrying. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She should not climb ladders, ropes or scaffolds. The claimant should avoid concentrated exposure to vibration, fumes, odors, dust, gases, poor ventilation, hazardous machinery, and working at heights. The claimant can understand, remember and carry out simple two to three step and detailed instructions. She can make judgments on simple and detailed work-related decisions and can perform duties that can be learned on the job in a short period, i.e., in 90 days or less. The claimant would have average ability to perform sustained work activities (i.e., can maintain attention and concentration; persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule) within customary tolerances of employers rules regarding sick leave and absence. She can respond

REPORT AND RECOMMENDATION - 5

appropriately to supervision, co-workers and work situations; and deal with occasional work setting change.

5. The claimant is capable of performing her past relevant work as a telephone solicitor. In the alternative, she is also capable of performing other representative jobs such as table worker, bench hand, and laminator.

6. The claimant has not been under a disability, as defined in the Social Security Act, since November 14, 2007, the date the application was filed.

AR at 17-26.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in failing to discuss Dr. Parlatore's October 2007 opinions?

2. Whether the ALJ erred in discounting Plaintiff's credibility?

3. Whether the ALJ erred in finding Plaintiff has past relevant work as a telephone solicitor to which she can return at step 4, and erred in finding Plaintiff can perform "other work" in his alternative step 5 finding?

Dkt. No. 13 at 1.

## VII. DISCUSSION

A. <u>The ALJ Erred in Failing to Address Dr. Parlatore's October 2007 Opinions.</u>

Psychiatrist Anselm Parlatore, M.D., evaluated Plaintiff on October 19, 2007, and diagnosed her with a personality disorder, polysubstance abuse, and depression. AR at 312. Dr. Parlatore's psychiatric evaluation (AR 311-15) was included in the record within a lengthy exhibit containing Plaintiff's hospital records, and the ALJ failed to address the evaluation in his written decision. The ALJ did address Dr. Parlatore's later interrogatories (AR at 416-21), and assigned those "little weight" because Dr. Parlatore was a one-time evaluator rather than a treating provider. AR at 23. Dr. Parlatore was the only provider of record to diagnose Plaintiff with a personality disorder.

REPORT AND RECOMMENDATION - 6

The Commissioner argues that because Plaintiff's "longitudinal treatment records did not demonstrate [that] Plaintiff experienced disabling limitations" based on a personality disorder, the ALJ's failure to mention Dr. Parlatore's specific diagnosis was harmless error. Dkt. 16 at 11. In this way, the Commissioner seeks to establish that that Dr. Parlatore's October 2007 opinion is not significant or probative, and thus did not need to be discussed by the ALJ.[2] *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Given that Dr. Parlatore's diagnosis of a personality disorder is the only such diagnosis in the record, the Commissioner must fight an uphill battle to establish that this evidence is neither significant nor probative. Though the Commissioner argues that "Plaintiff did not point to any evidence that the ALJ failed to consider or erroneously rejected showing that [the personality disorder diagnosis] caused greater functional limitations than the ALJ assessed," the Commissioner has apparently overlooked that Dr. Parlatore found Plaintiff to have moderate limitations in her ability to relate to co-workers, supervisors, and the general public, and that none of those limitations were accounted for in the ALJ's RFC assessment, nor explicitly rejected by the ALJ. *Compare* AR at 313 (Dr. Parlatore's opinions regarding Plaintiff's functional limitations) *with* AR at 21-23 (ALJ's RFC assessment). The Commissioner has not made a credible argument that Dr. Parlatore's diagnosis and related

---

[2] The Commissioner raises a number of other arguments in defense of the ALJ's treatment of Dr. Parlatore's opinions, but none of these arguments have merit. For example, the Commissioner argues that the ALJ "noted that [Dr. Parlatore's April 2010 opinions] mirrored Dr. Parlatore's earlier opinions," but the ALJ noted no such thing. The ALJ acknowledged that Dr. Parlatore had performed a psychiatric evaluation more than two years before he wrote the April 2010 opinions, but did not comment on the similarity between the opinions. AR at 23.

The Commissioner also argues that "Plaintiff did not point to evidence from an acceptable medical source showing that her alleged personality disorder is a medically determinable impairment[,]" (Dkt. 16 at 7), suggesting that Dr. Parlatore is not an "acceptable medical source," though he is in fact a medical doctor. *See* 20 C.F.R. § 416.913(a)(1) (medical doctors are an "acceptable medical source"). It is unclear what other methods of diagnosis the Commissioner suggests should have been employed by Dr. Parlatore.

REPORT AND RECOMMENDATION - 7

functional limitations are neither significant nor probative, and thus the ALJ is directed to consider Dr. Parlatore's October 2007 opinion on remand. In light of that consideration, the ALJ shall reconsider his findings at steps two, three, four, and five, and also reconsider his RFC assessment.

B.    The ALJ Erred in Assessing Plaintiff's Credibility.

The ALJ provided one explicit reason to discount the credibility of Plaintiff's allegations of physical and mental symptoms: lack of objective support in the medical record. AR at 22-24. The Commissioner acknowledges that this factor is appropriately considered by an ALJ, but cannot be the sole basis for rejecting a claimant's subjective testimony. *See* Dkt. 16 at 4. According to the Commissioner, the ALJ's decision contains a number of other implicit reasons supporting the ALJ's adverse credibility determination, namely Plaintiff's failure to seek treatment for mental health issues, Plaintiff's amenability to treatment for pulmonary symptoms and diabetes, and inconsistent statements about daily activities. Dkt. 16 at 5-7.

The ALJ did mention in his discussion of the medical evidence with relation to Plaintiff's credibility that her diabetes was well-controlled in 2008 and 2010, and that she testified at the hearing that medication and a nebulizer had improved her pulmonary symptoms. AR at 22-23, 46-47. While that evidence may be a reason to discount the severity of Plaintiff's diabetes and pulmonary symptoms, it does not explain why Plaintiff's other allegations are not credible.

And though the Commissioner contends that the ALJ relied on Plaintiff's failure to seek mental health treatment and her inconsistent daily activities as bases for rejecting her other allegations, the ALJ did not actually identify those reasons in his decision. The ALJ rejected Dr. Parlatore's April 2010 opinions — not Plaintiff's testimony — because Plaintiff

REPORT AND RECOMMENDATION - 8

testified at the administrative hearing that she discontinued counseling and instead talked to her significant other or daughter about her problems. AR at 23 (referencing AR at 56). The ALJ also failed to identify any self-reported daily activities that were inconsistent with Plaintiff's allegations elsewhere, or any daily activities that undermine Plaintiff's allegations of disabling symptoms generally. The ALJ did summarize the daily activities Plaintiff reported to consultative examiners in his step-three findings, but he did not explicitly or implicitly suggest that these daily activities had any bearing on Plaintiff's credibility. AR at 19.

Thus, though the ALJ's reasoning for discounting the severity of Plaintiff's diabetes and pulmonary symptoms can be detected in the written decision, his decision to discount the credibility of Plaintiff's other allegations specifically references only the lack of objective medical support and is thus improper. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."). On remand, the ALJ shall reconsider Plaintiff's credibility.

C.     The ALJ Erred at Step Four.

Plaintiff's final assignment of error involves the ALJ's finding that Plaintiff's past job as a telephone solicitor constitutes "past relevant work." AR at 24. "Past relevant work" is work (1) performed within the past fifteen years, (2) constituting substantial gainful activity ("SGA"), and (3) lasting long enough for the individual to have learned how to perform the work. 20 C.F.R. §§ 416.960(b)(1), 416.965(a). The Commissioner considers average monthly earnings in determining whether a claimant has or has not engaged in SGA. *See* 20 C.F.R. § 416.974(b). Monthly earnings below the threshold set by the Administration give rise to a presumption that a claimant has not engaged in SGA, and in that circumstance the burden

shifts to the Commissioner to make findings supported by substantial evidence that the claimant's work constituted SGA despite the low earnings. *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 404.1560, 404.1565, 404.1571-1572, 404.1573, 404.1574(b)(2)-(3)).

Plaintiff's earnings records show that she earned only $1,008.19 in 2001 and $56.19 in 2004 as a telephone solicitor for Charitable Aid, Inc. AR at 147. In 2001, the earnings threshold for "substantial gainful activity" for non-blind claimants was $740/month. In 2004, that amount increased to $810/month. *See* 20 C.F.R. § 404.1574(b) and www.socialsecurity.gov/OACT/COLA/sga.html. Thus, Plaintiff's average monthly earnings for either 2001 or 2004 are less than the earnings threshold for the respective years. Accordingly, Plaintiff's earnings record raises the presumption that her work as a telephone solicitor does not amount to SGA, and the burden shifted to the Commissioner to show that her telephone solicitation work constituted SGA despite the low earnings.

It does not appear that the ALJ understood the obligation to enter findings regarding Plaintiff's telephone solicitation job, because he summarily stated: "The claimant performed this job long enough and earned amounts sufficient to qualify it as 'past relevant work.'" AR at 25. But the only evidence of record regarding the length of time Plaintiff worked as a telephone solicitor indicates that she worked for one month or less (AR at 155); the earnings report indicates that she worked in this job during 2001 and 2004, but does not specify the length of time. AR at 147. The vocational expert did not specifically address the length of time needed to learn the job, nor how much time Plaintiff spent at work, nor any other aspect of Plaintiff's work as a telephone solicitor; he merely acquiesced to the ALJ's description of the telephone solicitation job as "above SGA." AR at 73. Thus, it does not appear that the ALJ's summary description of the telephone solicitation job as "past relevant work" is

supported by substantial evidence, and therefore the Commissioner did not rebut the presumption that Plaintiff's telephone solicitation work was not SGA.  Accordingly, on remand, the ALJ shall reconsider whether Plaintiff has past relevant work.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

DATED this 1st day of February, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge